UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN N. PEPPERS** | **CIVIL ACTION** |
| **VERSUS** | **BY CONSENT** |
| **SHERIFF WILLIE GRAVES** | **NO. 10-0623-CN** |

### RULING ON MOTION

This matter comes before the Court on the defendant's Motion to Dismiss, rec.doc.no. 24. This motion is opposed.

The pro se plaintiff, an inmate previously confined at the Livingston Parish Detention Center, Livingston, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Sheriff Willie Graves, complaining that his constitutional rights were violated at the referenced facility because he was housed with convicted criminals notwithstanding that he was a pretrial detainee, that he was subjected to strip searches in the presence of other inmates, that he was held in a small space (12' x 21') with more than 70 co-inmates for a period of 1½ or 2 hours while his dormitory was searched, that he was subjected to excessive force in the form of pepper-ball projectiles, that he sometimes had to wait in line to use the toilet, that he was made to sleep on a metal cot without a mat or mattress, that his medications were not provided on time and sometimes were not provided at all, that prison officials disseminated a rumor that he was a "rat", and that the recreation yard was too small and had no ventilation. In his original Complaint, the plaintiff prayed only for injunctive and declaratory relief. However, he has since amended his Complaint to include a prayer for monetary damages. See rec.doc.nos. 26 and 29.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In the instant motion, filed prior to the amendment of the plaintiff's Complaint, the defendant asserts that, inasmuch as the sole claim for relief asserted in the original Complaint is for a release from the custody of the Livingston Parish jail, and inasmuch as the plaintiff has since been released from such custody, his claim is subject to dismissal as moot. In this regard, the defendant is correct that, with regard to the plaintiff's original claim for release from confinement, this claim has now become moot. See, e.g., DeMoss v. Crain, 636 F.3d 145 (5th Cir. 2011) ("[W]e find it beyond dispute that a request for injunctive relief generally becomes moot upon the happening of the event sought to be enjoined.") (Quoting Harris v. City of Houston, 151 F.3d 186 (5th Cir. 1998). Notwithstanding, inasmuch as the defendant has not addressed in the instant motion the plaintiff's Amended Complaint, wherein he requests monetary damages as a result of the defendant's alleged wrongful conduct, it is appropriate that the plaintiff's claim for monetary damages be retained at the present time. Accordingly,

**IT IS ORDERED** that the defendant's Motion to Dismiss, rec.doc.no. 24, be granted in part, dismissing as moot the plaintiff's demand for

release from confinement.

Signed in chambers in Baton Rouge, Louisiana, May 10, 2011.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**